# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 28, 2020

Lyle W. Cayce
Clerk

No. 19-10193
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR CONTRERAS-OROSCO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-258-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Cesar Contreras-Orosco pleaded guilty to illegal reentry into the United States after a previous removal and possession of a firearm by a convicted felon. The district court sentenced him to concurrent terms of 120 months of imprisonment. Relying on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Contreras-Orosco argues that the factual basis was insufficient to support his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10193

guilty plea conviction for possession of a firearm by a convicted felon because it did not establish that he knew of his prohibited status.

Because Contreras-Orosco did not raise this objection in the district court, we review for plain error only. *See United States v. Ortiz*, 927 F.3d 868, 872 (5th Cir. 2019). On plain error review, a defendant must establish an error or defect that is clear or obvious, rather than subject to reasonable dispute, and that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Once those conditions have been met, this court has discretion to correct the forfeited error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The record in its entirety, including the factual resume, presentence report, rearraignment transcript, and documentation related to Contreras-Orosco's state convictions, shows that Contreras-Orosco knew of his status as a convicted felon. Contreras-Orosco thus has failed to demonstrate beyond reasonable dispute that he lacked awareness of his status as a convicted felon at the time of his firearm possession. *See id.*; *Ortiz*, 927 F.3d at 872-73. Accordingly, he has not shown that the district court clearly or obviously erred by accepting the factual basis for his guilty plea conviction for possession of a firearm by a convicted felon. *See Puckett*, 556 U.S. at 135; *Ortiz*, 927 F.3d at 872-73.

AFFIRMED.